Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Tamicka Toliver,<br><br>    Plaintiff,<br><br>vs.<br><br>Stetson Desert Project LLC d/b/a Le Girls Cabaret, Cory J. Anderson, and Cary Anderson,<br><br>    Defendants, | No. _____<br><br>**COMPLAINT**<br><br>**(Demand for Jury Trial)** |

COMES NOW Plaintiff, Tamicka Toliver ("Plaintiff"), individually, by and through the undersigned attorney and sues the Defendants, Stetson Desert Project LLC d/b/a Le Girls Cabaret ("Defendant Stetson"), Cory J. Anderson, and Cary Anderson (collectively "Defendants") and she alleges as follows:

**PRELIMINARY STATEMENT**

1.   This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

2.   The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum

wage of pay for all time spent working during their regular 40 hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The Arizona Wage Act, and Arizona Revised Statutes ("ARS") § 23-363, establishes a minimum wage within the State of Arizona.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

6. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7. At all material times, Defendant Stetson was a limited liability company duly licensed to transact business in the State of Arizona. Defendant does business, has offices,

and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8. At all relevant times, Plaintiff was an employee of Defendant Stetson Desert Project LLC. At all relevant times, Defendant Stetson Desert Project LLC, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Stetson Desert Project LLC. In any event, at all relevant times, Defendant Stetson Desert Project was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

9. At all relevant times, Defendant Cory J. Anderson owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Stetson Desert Project, LLC. At all relevant times, Defendant Cory J. Anderson had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Stetson Desert Project, LLC. In any event, at all relevant times, Defendant Cory J. Anderson was an employer subject to the FLSA and employed Plaintiff.

10. Upon information and belief, Defendant Cory J. Anderson was and continues to be a resident of Maricopa County, Arizona.

11. Jane Doe Anderson is the fictitious name for Defendant Cory J. Anderson's spouse. When Jane Doe Anderson's true name has been ascertained, this Complaint shall be

amended accordingly. Cory J. Anderson and Jane Doe Anderson have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

12. At all relevant times, Defendant Cary Anderson owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Stetson Desert Project, LLC. At all relevant times, Defendant Cary Anderson had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Stetson Desert Project, LLC. In any event, at all relevant times, Defendant Cary Anderson was an employer subject to the FLSA and employed Plaintiff.

13. Upon information and belief, Defendant Cary Anderson was and continues to be a resident of Maricopa County, Arizona.

14. Jane Doe Anderson is the fictitious name for Defendant Cary Anderson's spouse. When Jane Doe Anderson's true name has been ascertained, this Complaint shall be amended accordingly. Cary Anderson and Jane Doe Anderson have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

15. At all relevant times, Plaintiff was an "employee" of Stetson Desert Project, LLC, Cory J. Anderson, and Cary Anderson as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

16. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Stetson Desert Project, LLC, Cory J. Anderson, and Cary Anderson.

17. At all relevant times, Stetson Desert Project, LLC, Cory J. Anderson, and Cary Anderson were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

18. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

19. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## NATURE OF THE CLAIM

20. Defendants own and/or operate as Stetson Desert Project, LLC d/b/a Le Girls Cabaret, an enterprise located in Maricopa County, Arizona.

21. Plaintiff was hired by Defendants to work as a dancer, and Plaintiff worked for Defendants between approximately August 1, 2013 and October 31, 2014, when Plaintiff left her employment with Defendants.

22. Defendant improperly classified Plaintiff as an independent contractor. However, at all times, Plaintiff was an employee of Defendants.

23. Plaintiff was compensated exclusively through tips from Defendants' customers.

24. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled, and performed all other duties generally associated with that of an employer with regard to Plaintiff.

25. Defendants instructed Plaintiff about when, where, and how to perform her work.

26. The following further demonstrates Plaintiff's status as an employee

   a. Defendants had the sole right to hire and fire;

-5-

    b. Defendants required Plaintiff to complete an employee application and participate in an interview as a prerequisite to her employment;

    c. Little to no skill was required for the work that Plaintiff performed;

    d. Defendants made the decision not to pay any wage or overtime;

    e. Defendants provided Plaintiff with musical equipment and a performance stage;

    f. Defendants supervised Plaintiff and subjected Plaintiff to house rules;

    g. Defendants subjected Plaintiff to set house fees that Plaintiff was required to pay to Defendants;

    h. Defendants set minimum prices for couch, VIP, table, and "curtain" dances;

    i. Defendants required that Plaintiff actively participate in the promotion of Le Girls;

    j. Plaintiff has no financial investment with Defendants' business;

    k. Plaintiff had no opportunity for profit or loss in the business;

    l. The services rendered by Plaintiff in her work for Defendants was integral to Defendants' business;

    m. Plaintiff was hired as a permanent employee, working for Defendants for approximately one year, three months.

27. Defendants classified Plaintiff as an independent contractor to avoid Defendants' obligation to pay Plaintiff, and as such Defendant paid Plaintiff no wage whatsoever for any hours Plaintiff worked for Defendant.

-6-

28. As a result of Defendants' failure to pay any wage, Plaintiff was forced to perform work at an hourly rate that was less than the applicable minimum wage.

29. As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

30. Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff any wage whatsoever would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

31. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

32. In a given workweek, and during each and every workweek for which Plaintiff worked for Defendants, Defendants failed to pay Plaintiff any wage whatsoever. In doing so, Defendants paid Plaintiff less than the overall minimum wage for such work that Plaintiff performed for Defendants, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage, in willful violation of 29 U.S.C. § 206(a).

33. For example, during workweek of July 28, 2014, Defendants failed to pay Plaintiff any wage whatsoever. In doing so, Defendants paid Plaintiff less than the overall minimum wage for such work that Plaintiff performed for Defendants, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage, in willful violation of 29 U.S.C. § 206(a).

34. Plaintiff believes and therefore avers that Defendants owe her similar wages for each and every workweek during which she worked for Defendants for the entire duration of her employment. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

35. Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff to work. As such, Defendants' records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work.

36. As such, full minimum wage, as well as any applicable overtime wages, is owed to Plaintiff for all hours worked.

37. Defendants also failed to pay Plaintiff one and one half times the applicable regular rate of pay for all hours worked in excess of 40 per week.

38. For example, during workweek of July 28, 2014, Defendants failed to pay Plaintiff one and one half times the applicable regular rate of pay for all hours Plaintiff worked in excess of 40. In doing so, Defendants paid Plaintiff less than the required overtime wage rate for such work that Plaintiff worked for Defendants, in willful violation of 29 U.S.C. § 207(a).

39. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime wage for such hours worked, Defendants have violated 29 U.S.C. § 207.

40. Defendants also regularly and consistently charged Plaintiff a "house fee" per shift and required that she share her tips with other employees who do not customarily and regularly receive tips.

41. As a result of Defendants requirement that Plaintiff pay fees and share her tips with other employees who do not customarily and regularly receive tips, Plaintiff's pay was brought below the applicable minimum, in violation of 29 U.S.C. § 206(a).

42. In failing to pay Plaintiff any wage whatsoever, Defendants failed to compensate Plaintiff at a rate greater than or equal to Arizona's required minimum wage.

43. As a result of Defendants' willful failure to compensate Plaintiff at the applicable Arizona minimum wage, Defendants have violated the Arizona Minimum Wage Act, ARS § 23-363.

44. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

45. Plaintiff was a non-exempt employee.

46. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

47. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

48. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

### COUNT ONE: FAIR LABOR STANDARDS ACT
### COMPLETE FAILURE TO PAY WAGES

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendants' practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a). In fact, Defendants did not compensate Plaintiff whatsoever for any hours worked.

51. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiff.

52. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Tamicka Toliver, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Stetson Desert Project, LLC, Cory J. Anderson, Cary Anderson, the marital community of Cory J. Anderson and Jane Doe Anderson, and the marital community of Cary Anderson and Jane Doe Anderson, for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants' practice of failing to pay Plaintiff one and one half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violates the FLSA, 29 U.S.C. § 207. In fact, Defendants did not compensate Plaintiff whatsoever for any hours worked.

55. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one half times the applicable hourly rate at which employees are employed are applicable to Defendants or Plaintiff.

56. Plaintiff is therefore entitled to compensation at the applicable overtime rate for all hours worked in excess of forty per week, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Tamicka Toliver, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Stetson Desert Project, LLC, Cory J. Anderson, Cary Anderson, the marital community of Cory J. Anderson and Jane Doe Anderson, and the marital community of Cary Anderson and Jane Doe Anderson, for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

-11-

### COUNT THREE: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants' practice of willfully failing to pay Plaintiff wages at the rate of the Arizona Minimum Wage violates the Arizona Minimum Wage Act, ARS § 23-363. In fact, Defendants did not compensate Plaintiff whatsoever for any hours she worked.

59. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Tamicka Toliver, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Stetson Desert Project, LLC, Cory J. Anderson, Cary Anderson, the marital community of Cory J. Anderson and Jane Doe Anderson, and the marital community of Cary Anderson and Jane Doe Anderson, for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid wages as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FOUR: ARIZONA WAGE LAW
### FAILURE TO PAY WAGES DUE

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants' practice of willfully failing to pay Plaintiff wages for labor performed violates Arizona Wage Law, ARS § 23-351. In fact, Defendants did not compensate Plaintiff any wage whatsoever for any hours worked.

62. Plaintiff is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Tamicka Toliver, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Stetson Desert Project, LLC, Cory J. Anderson, Cary Anderson, the marital community of Cory J. Anderson and Jane Doe Anderson, and the marital community of Cary Anderson and Jane Doe Anderson for compensation for an amount that is treble the amount of unpaid wages, plus reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 17th day of December, 2015.

                                         THE BENDAU LAW FIRM, PLLC

                                         By: /s/ *Clifford P. Bendau, II*
                                         Clifford P. Bendau, II
                                         *Attorney for Plaintiff*

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060